IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>vs.<br><br>LESLIE ROSS OLSON,<br><br>  Defendant. | Cause No. CR-09-117-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

**I. Synopsis**

Mr. Olson was accused of violating his conditions of supervised release by consuming alcohol. He admitted to the violation. Mr. Olson's supervised release should be revoked. He should be sentenced to six months imprisonment, to be followed by 24 months supervised release.

## II. Status

Mr. Olson plead guilty to the offense of Person Convicted of a Misdemeanor Crime of Domestic Violence In Possession of a Firearm/Forfeiture at a Change of Plea Hearing on March 10, 2010. CD 21. The offense consisted of Mr. Olson knowingly possessing a Chinese made SKS7.62 x39mm rifle after previously being convicted in the State of Montana of domestic violence. Mr. Olson was sentenced to 33 months incarceration, to be followed by three years supervised release. CD 27.

**Petition**

The United States Probation Office filed a petition on June 17, 2013, asking the court to revoke Mr. Olson's supervised release. CD 32. The petition alleged that Mr. Olson violated one condition of his supervised release. It alleged he violated Special Condition #4 by failing to abstain from the consumption of alcohol.

The case was reassigned to the Hon. Dana L. Christensen, United States District Judge, and referred to the undersigned. Based on the petition, the undersigned issued a warrant for Ms. Eagleman's arrest. CD 33.

**Initial appearance**

Mr. Olson was arrested on June 19, 2013. C.D. 34. He made an initial

appearance before United States Magistrate Judge Carolyn S. Ostby on June 20, 2013. CD 35. He was accompanied at the initial appearance by Federal Defender, Mark Werner, who was appointed to represent Mr. Olson at the initial appearance only. Federal Defender Evangelo Arvanetes was appointed to represent Mr. Olson at all further proceedings. Assistant United States Attorney Jessica Fehr represented the United States at the initial appearance.

The Defendant acknowledged his true name and that he has seen the petition and discussed it with his counsel. Judge Ostby advised the Defendant of his right to a preliminary hearing. Defendant waived a preliminary hearing. Judge Ostby set a revocation hearing in front of the undersigned for Thursday, June 27, 2013 at 10:00 a.m. Mr. Olson consented to detention. C.D. 35.

**Revocation hearing**

Mr. Olson appeared at the revocation hearing on June 27, 2013, with his attorney, Mr. Arvanetes. Assistant United States Attorney, Laura Weiss represented the United States.

The undersigned reviewed the Findings and Recommendations procedure, explaining to Mr. Olson that the undersigned will submit a recommendation to Judge Christensen, who will decide whether to revoke Mr. Olson's supervised release and impose a sanction. Mr. Olson was advised that he may object to these

Findings and Recommendations within 14 days of their issuance. He was advised that he has a right to appear and allocute before Judge Christensen, but must properly object to these Findings and Recommendations to preserve that right

    Mr. Olson admitted to consuming alcohol, as alleged in Violation 1 of the petition. The undersigned found that his admission established a violation of his supervised release conditions, and that the violation warrants revocation of release. The court proceeded to sentencing.

    Mr. Arvenetes requested a middle of range guideline sentence and additional supervised release.

    Mr. Olson addressed the court. He had no objection to the violation and revocation. Stated he was attending two to three Alcoholics Anonymous meetings a week, attended church every Sunday and was working two jobs.

    Ms. Weiss requested a prison sentence within the guideline range of 4 to 10 months of incarceration followed by a term of supervised release.

    The undersigned calculated that Mr. Olson's violation grade is C, his underlying offense is a grade C felony, and his criminal history category is II. Under those circumstances, Mr. Olson could be sentenced to as much as 10 months imprisonment. The United States Sentencing Guidelines call for 4 to 10 months imprisonment. Mr. Olson could be sentenced to as much as 24 months additional

supervised release, less any custodial sentence imposed.

The parties agreed with the above calculations.

**Analysis**

Mr. Olson's supervised release should be revoked. He should be sentenced to 6 months imprisonment, to be followed by 24 months supervised release. He should receive credit toward that prison sentence for all the time he is incarcerated prior to sentencing. Supervised release should include those conditions previously imposed.

Revocation is warranted because Mr. Olson admitted violating the condition of his supervised release even after his probation officer warned him in September of 2012 and April of 2013 for alleged previous noncompliance. The undersigned believes incarceration is necessary to sanction Mr. Olson for non-compliance.

A sentence at the low end of the guideline range is appropriate. Mr. Olson's violation appears to have consisted of a relapse in his struggle against alcohol addiction. It did not directly endanger the community. By all accounts, Mr. Olson has done things to better his situation. He has secured his own residence and maintained full-time employment. Ms. Olson appears capable of continuing this progress upon his release.

The undersigned believes Mr. Olson will benefit from the maximum term of

supervised release. Supervision is likely to help him in the continued struggle against alcohol addiction. The condition requiring him to abstain from the consumption of alcohol not enter establishments where alcohol is the primary item of sale should be continued.

## IV. Conclusion

Mr. Olson was advised that the above sentence would be recommended to Judge Christensen. The undersigned reminded Mr. Olson that he also has a right to appear and allocute before Judge Christensen, who will decide whether to revoke his supervision and, if so, what sentence to impose. He was also reminded that he may object to this recommendation within 14 days of issuance, and must do so to preserve his right to appear and allocute before Judge Christensen.

The Court makes the following FINDINGS:

1. Mr. Olson violated Special Condition #4 of his supervised release by consuming alcohol.

The Court makes the following RECOMMENDATIONS:

1. The District Court should enter the attached Judgment, revoking Mr. Olson's supervised release and sentencing him to six months in the custody of the United States Bureau of Prisons, to be followed by 24 months supervised release under the conditions set forth in the Judgment.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 1st day of June, 2013.

Keith Strong
United States Magistrate Judge